UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| RITCHIE E. MAYES, | ) |
| Petitioner, | ) |
| v. | ) No. 5:20-CV-204-KKC-MAS |
| ERNESTO SCORSONE, | ) |
| Respondent. | ) |

### REPORT AND RECOMMENDATION

This matter is before the undersigned on Petitioner Ritchie E. Mayes ("Mayes") Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. [DE 1]. Mayes argues his Speedy Trial Act rights are currently being violated. The Commonwealth responded. [DE 9]. In its response, the Commonwealth correctly noted that § 2254 requires the applicant to have "exhausted the remedies available in the courts of the State[.]" [*Id.* at Page ID # 53]. The Supreme Court of the United States has ruled that a Kentucky state inmate must exhaust their state remedies before filing a federal habeas position, stating in part "petitioner has exhausted all available state remedies as a prelude to this action. It is true, of course, that he has not yet been tried on the Kentucky indictment, and he can assert a speedy trial defense when, and if, he is finally brought to trial." [*Id.* (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973))].

Mayes has not exhausted said state remedies. He is currently awaiting assignment of his filed Petition for Writ of Mandamus in the Kentucky Court of Appeals alleging the same Speedy Trial Act violations as the current petition. [*Id.* at Page ID # 53-54; *See e.g.*, DE 9-3, at Page ID # 110-11, 114-15]. In fact, comparing Mayes' state court pleadings (provided as an exhibit by the

Commonwealth) to his recent motions in this case, Mayes seems to be refiling state court motions that he feels are not being addressed in a timely manner. [*Compare* DE 9-3 *with* DEs 12]. Mayes is also filing other motions unrelated to the § 2254 motion, such as Motion for Temporary Injunction. [DE 18]. It is clear Mayes is misinformed on the purpose of the federal court system in this situation. The error is fatal to his petition.

Accordingly, the Court recommends Mayes' petition and remaining motions be denied on these grounds. Because the Court lacks jurisdiction, it recommends any remaining motions in this matter be denied as well.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue where a habeas petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a petitioner to demonstrate that "jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see also Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (requiring an "individualized determination of each claim" in considering whether to grant a certificate of appealability). Petitioner has not made a "substantial showing" as to any claimed denial of rights. The Court believes its determination on the merits, which hinges on the deferential AEDPA standard and a reasonable and factually supported result from the state court, is not debatable. None of the claims presents a close issue involving a violation or unreasonable application of clearly established federal law, or any other avenue of relief under § 2254. As such, Mayes is not entitled to a certificate of appealability.

**RECOMMENDATION**

The Court **RECOMMENDS** that the District Court:

(1) **DENY** Mayes' § 2254 petition [DE 1];

(2) **DENY** Mayes' Motion for Temporary Injunction [DE 18]; and

(3) not issue a certificate of appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Entered this the 20th day of August, 2020.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge